Cecil Elmore Jr
PO Box 12
New York, New York, 10014
Email Address: audiboy87@yahoo.com
Phone Number: 323-608-9894

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CECIL ELMORE Jr, | Case No.: |
| Plaintiff(s) | **COMPLAINT FOR DAMAGES** |
| vs. | 1. **VIOLATION TITLE II – CIVIL RIGHTS ACT OF 1964** <br> **42 U.S. CODE § 2000a(b)(2)** |
| STARBUCKS COFFEE COMPANY, | 2. **VIOLATION 42 U.S. CODE § 2000a – 2a PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS AND PRIVILEGES SECURED BY SECTION 2000a** |
| Defendant(s) | 3. **VIOLATION 42 U.S. CODE § 2000a – 2b PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS AND PRIVILEGES SECURED BY SECTION 2000a** |
|  | **JURY TRIAL DEMANDED: YES** |

## I.    JURISDICTION

1.      Under 28 U.S.C. § 1331, a cause arising under the United States Constitutional and Laws of the United States.

2.      Plaintiff Cecil Elmore Jr claims for violations of 42 U.S. Code § 2000a(b)(2); 42 U.S. Code § 2000a-2a; 42 U.S. Code § 2000a-2b claims for relief, arise under the Constitution and laws of the United States such that the jurisdiction of this Court.

3.       Plaintiff Cecil Elmore Jr, is a resident of the State of New York.

4.       Defendant Starbucks Coffee Company, is a resident of the State of New York.  Starbucks Coffee Company have numerous Starbucks Coffee Company locations in the State of New York.

5.       Plaintiff Cecil Elmore Jr did not file any State violations in this Complaint.

## II.     VENUE

6.       Venue is proper pursuant to 28 U.S.C. § 1391(a)(1).  Plaintiff Cecil Elmore Jr is a resident of the State of New York.  Defendant Starbucks Coffee Company is a resident in the State of New York and conducting business as Starbucks Coffee Company in the State of New York.

## III.     PARTIES

7.       Plaintiff Cecil Elmore Jr is an adult qualified to bring suit on his own behalf.  Plaintiff Cecil Elmore Jr is a resident of New York.  Plaintiff Cecil Elmore Jr is African American/Black race Federally protected in a minority class.

8.       Defendant Starbucks Coffee Company is sued in their official capacity.  Defendant Starbucks Coffee Company have numerous Starbucks Coffee Company businesses in the State of New York.  Throughout this civil action, Defendant Starbucks Coffee Company will also be referred to as "Starbucks."  Defendant Starbucks Coffee Company employee DOE 1 are Latino/Hispanic race.  Defendant Starbucks Coffee Company, manager DOE 2 "Daniel" are African American/Black race.

## IV.     STATEMENT OF FACTS

9.       Starbucks Coffee Company refers to all employees, businesses, and Government entities that they conduct business matters with as "partners."  Since the early 2000's, Starbucks Coffee Company has had a policy of giving free coffee to Police Officers.  This is a way Starbucks Coffee Company has a way to curry favor with the Police Department [Source: thecommoncafe.com "Starbucks' Free Coffee for Police Officers: A Controversial Policy].  Since 2011, Starbucks Coffee Company joined with Law Enforcement Police Departments through the Coffee with a Cop Program which is brought to Starbucks stores with their partners Police Departments and Law Enforcement Police Officers.  Starbucks Coffee Company has a business and

1   personal relationship with Police Departments throughout the United States of America, and with this

2   relationship, Law Enforcement Police Officers favor Starbucks Coffee Company.  Law Enforcement Police

3   Department Officers are receiving Starbucks Coffee Company store products and benefits in exchange for Law

4   Enforcement duties in Starbucks Coffee Company favor.

5       10.        Starbucks Coffee Company in Starbucks restaurants sell food and beverages such as Frappuccino

6   Blended Beverage.

7       11.        On October 28, 2023, Plaintiff Cecil Elmore Jr was a customer at Starbucks Coffee Company

8   restaurant.  While Plaintiff was at this restaurant as a customer, Plaintiff was intentionally, maliciously, racially,

9   discriminated against for being an African American minority and the color of his skin which Plaintiff is in a

10  protected class.  Starbucks Coffee Company employee DOE 1 verbally denied Plaintiff public accommodations of

11  goods and services.  DOE 1 stated to Plaintiff, that he is not making the Frappuccino Blended Beverage.

12  Starbucks Coffee Company, their Latinx male employee DOE 1 intentionally, maliciously, with hatred, harassed,

13  threatened to stab Plaintiff with a sharp object while DOE 1 directly stared into Plaintiff eyes as DOE 1

14  continuously denied Plaintiff public accommodation of goods and services, refusing to provide Plaintiff with a

15  Venti Frappuccino Blended Beverage.  DOE 1 verbally stated directly to Plaintiff, I will stab you you bitch ass

16  nigger, numerous times during the duration of this incident Starbucks Coffee Company employee DOE 1

17  continuously verbally insulted Plaintiff with threats of violence and racial derogatory slurs.  This incident

18  occurred in front of numerous Starbucks Coffee Company customers in the store, and at least one (1) child was

19  witness to this incident.  There are numerous CCTV video and audio cameras that captured Plaintiff Cecil Elmore

20  Jr being threatened with physical violence with a sharp object, racially discriminated for being African American,

21  and color of his skin and also, Plaintiff being denied public accommodation because Plaintiff being African

22  American.  Therefore, Starbucks Coffee Company and employee DOE 1 violated 42 U.S. Code § 2000(a) as they

23  denied Plaintiff to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and

24  accommodations of this public Starbucks restaurant.

25      12.        Plaintiff contacted Police Department and reported Hate Crime known as The Matthew Shepard

26  and James Byrd, Jr. Hate Crimes Prevention Act of 2009, 18 U.S.C. § 249, Plaintiff Cecil Elmore Jr being

27  threatened with a sharp object by Starbucks Coffee Company employee DOE 1.  Police Department responded

28  by first sending two (2) Police Department Officers – One Police Officer Last Name Grady (Badge # 41438);

Second Police Officer Last Name Madjd (Badge # 42075). Plaintiff in person stated to these two Police Officer in regards to the unlawful acts Starbucks Coffee Company, employee, DOE 1 committed against Plaintiff. During Plaintiff statement to these two Police Department Officers, Plaintiff noticed that both Police Officers did not have a light signaling that their body cameras were on. Plaintiff believes that these two Police Officers intentionally, maliciously did not have their body cameras on and that the body cameras were off. Plaintiff told these two Police Officers that they need to get possession of Starbucks video cameras as it will have evidence in recordings of Plaintiff being a victim of a Hate Crime that came directly from Starbucks Coffee Company and Starbucks Coffee Company employee DOE 1. The Police Officers intentionally, negligently, maliciously, did not obtain audio and/or video recordings of Plaintiff Cecil Elmore Jr as a victim of this crime and unlawful acts committed from Starbucks Coffee Company employee DOE 1. The Police Officer Madjd stated directly to Plaintiff and Gurkirn Hundal, that the Starbucks manager on duty named Daniel stated to Police Officer Madjd (Badge #42075), that "the employee is now terminated." The Starbucks Coffee Company manager DOE 2 is referring to DOE 1. Even with the evidence of the unlawful acts and crime that Starbucks Coffee Company, employee DOE 1 had committed a Hate Crime against Plaintiff Cecil Elmore Jr, these Police Officers refused to charge Starbucks Coffee Company employee DOE 1 with any criminal charge. These two Police Officers Grady and Madjd, did not report Starbucks Coffee Company and employee DOE 1 Hate Crime committed against Plaintiff Cecil Elmore Jr to the Federal Bureau of Investigation (FBI) and/or Department of Justice (DOJ).

13.    Plaintiff alleges and believes that Police Department Police Officers such as Grady and Madjd intentionally, maliciously with bias, did not arrest Starbucks Coffee Company employee DOE 1 because of the "partner" beneficial relationship of goods and services such as free items, participation in events and partnerships. As this encourages Police Departments and Police Officers such as Grady and Madjd to intentionally commit misconduct in favor of Starbucks Coffee Company.

14.    On October 28, 2023, Plaintiff Cecil Elmore Jr called in a complaint phone call to (phone number +1 (800) 782-7282) Starbucks Coffee Company in regards to Plaintiff Cecil Elmore Jr being denied public accommodation at this Starbucks restaurant because Plaintiff being African American and the color of his skin, Plaintiff being threatened with sharp object by Starbucks Coffee Company employee DOE 1 and being called a nigger several times by Starbucks Coffee Company Hispanic employee DOE 1. During this phone call, the

representative representing Starbucks Coffee Company, stated that the District Manager will give Plaintiff a phone call back.

15.    On October 29, 2023, Starbucks Coffee Company, employee District Manager Frank talked to Plaintiff in regards to the incident that happened on October 28, 2023.  This District Manager Frank stated to Plaintiff that Starbucks does have audio and video footage of this incident and it will be reviewed.

16.    On November 1, 2023, Starbucks Coffee Company employee District Manager Frank called in regards to the incident that happened on October 28, 2023.  District Manager Frank reviewed the video and audio footage in Starbucks store with another Starbucks employee.  After reviewing the tape District Manager Frank is looking at implementing strategies of how Starbucks employees interact with paying customers, Frank mentioned they are taking action and hope this incident does not occur again, and that Starbucks is dealing with the incident and can not speak much more about it.

17.    From a direct result of Starbucks Coffee Company, and employee DOE 1 intentional, malicious, racial discrimination against Plaintiff for being African American.   The Plaintiff has suffered emotional distress and other damages that were directly caused from these outrageous acts and negligence from Starbucks Coffee Company and employee DOE 1.

**V.    CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

VIOLATION TITLE II of the Civil Rights Act of 1964

42 U.S. CODE § 2000a(b)(2)

(AGAINST STARBUCKS COFFEE COMPANY)

18.    Plaintiff incorporates by reference the allegations of paragraphs 7 through 8; paragraphs 9 through 17 above, as if each such allegation was set forth herein.

19.     Plaintiff Cecil Elmore Jr is an African American protected in a minority class.  Plaintiff is perceived as African American from the color of Plaintiff skin and his physical characteristics.  Starbucks Coffee Company employee DOE 1 is a Latinx male and is preserved as a Latinx male with the physical characteristics to match.

20.     Starbucks Coffee Company, their employees DOE 1 and employee DOE 2 were on duty and in uniform at this Starbucks restaurant on this day during this incident.

21.     On October 28, 2023, Plaintiff Cecil Elmore Jr and Gurkirn Hundal were customers at Starbucks Coffee Company restaurant.  Plaintiff Cecil Elmore Jr noticed that his order of the Venti Frappuccino Beverage was made incorrectly and Plaintiff returned to Starbucks Coffee Company restaurant for with the intent of a Venti Frappuccino remake.  Plaintiff Cecil Elmore Jr brought his Venti Frappuccino Beverage to Starbucks Coffee Company employee DOE 1.  Plaintiff stated to Starbucks Coffee Company employee DOE 1, the Venti Frappuccino Beverage was not made correctly and that Plaintiff needs a new Venti Frappuccino beverage.  The Starbucks Coffee Company employee DOE 1 stated that he is not going to make Plaintiff a Venti Frappuccino Blended Beverage and denied Plaintiff public accommodation of goods and services at this Starbucks restaurant because of Plaintiff being African American/Black.  While Starbucks Coffee Company employee DOE 1 denied Plaintiff accommodation to this Starbucks public restaurant, Starbucks employee DOE 1 threatened Plaintiff with a sharp object that he had in his hand, Starbucks employee DOE 1 then called Plaintiff discriminatory racial slurs against Plaintiff African American race and the color of his skin.  Starbucks employee DOE 1 stated to Plaintiff, I will stab you, you bitch as nigger, as this was stated more than two times, loudly as other Starbucks customers heard.  Starbucks Coffee Company employee DOE 1 took steps towards with this sharp object in his hand threatening with physical harm directly to Plaintiff Cecil Elmore Jr in an aggressive, reckless, malicious, and hatred manner with the intent to cause direct harm to Plaintiff as a customer.

22.     During this incident Starbucks Coffee Company employee DOE 1 stated and referred to Gurkirn Hundal as a "bitch" directly to Plaintiff Cecil Elmore Jr which caused Plaintiff damages and harm.  Starbucks employee DOE 1 stated, your bitch got you coming in here for that drink, directly to Plaintiff.  Starbucks employee DOE 1 stated, You bitch ass nigger, and I'm going to get the homies in the County to get you, while holding a sharp dangerous object in an aggressive manner to intimidate, directly while starring at Plaintiff.  When Starbucks employee DOE 1 stated, I'm going to get the homies to get you in County, it means, that

1    Starbucks employee DOE 1 will have his Gang Members from jail to cause direct physical harm to Plaintiff Cecil

2    Elmore Jr.

3        23.        Defendant Starbucks Coffee Company, employee DOE 1 discriminated continuously with insults

4    and statements while denying public accommodation of goods and services such as Venti Frappuccino Blended

5    Beverage at this Starbucks restaurant.  Starbucks employee DOE 1 yelled with racial slurs of calling Plaintiff a

6    nigger, discriminating against Plaintiff race and the color of his skin.  Starbucks employee DOE 1 intentionally,

7    maliciously with hatred discriminated against Plaintiff on the basis of Plaintiff being African American and the

8    color of his skin.  All for Plaintiff race of being African American and the color of his skin, Plaintiff would have not

9    suffered the loss of goods and services at this public accommodation at this Starbucks restaurant.

10        24.        This incident happened as numerous Starbucks customers witnessed while waiting as a

11    Starbucks customer.  A female and female child were next in line for public accommodation of this Starbucks

12    restaurant.  Starbucks employee DOE 1 in uniform and on duty for Starbucks Coffee Company, harassed Plaintiff

13    with racial slurs by calling Plaintiff a bitch ass nigger while Starbucks employee DOE 1 was holding a sharp metal

14    object in an aggressive manner while Starbucks employee DOE 1 fists was closed gripping the sharp metal

15    object, while starring directly at Plaintiff with the intent to cause Plaintiff injury.  Starbucks manager DOE 2

16    Daniel witnessed Starbucks employee DOE 1 misconduct and directly to Plaintiff.

17        25.        As an employer and owner Starbucks Coffee Company has a duty and obligation to ensure safety

18    to customers such as Plaintiff at this Starbucks restaurant and provide public accommodation of goods and

19    services to all customers including Plaintiff being African American/Black.  Starbucks Coffee Company, employee

20    DOE 1 and manager DOE 2 Daniel, knew that these criminal and civil unlawful acts committed by DOE 1 would

21    and could possibly cause intentional harm, injury and damages to Plaintiff.  Starbucks manager DOE 2 Daniel and

22    other Starbucks employees witnessed Starbucks employee DOE 1 misconduct, harass, brandish and threaten

23    with a sharp metal object in an aggressive manner while yelling discriminatory racial slurs calling Plaintiff, nigger

24    and denying Plaintiff public accommodation which includes goods and services at this Starbucks restaurant.

25        26.        Starbucks Coffee Company did not have any security guard(s) who are licensed on the premises.

26    Starbucks Coffee Company did not have proper security guards to protect Plaintiff Cecil Elmore Jr as a customer.

27    This negligence of Starbucks Coffee Company are the reason and contributor to Plaintiff being harmed on the

28

1  premises.  Starbucks Coffee Company employee DOE 1, manager DOE 2 Daniel, and/or any other Starbucks

2  employee did not file a Police Report with the Police Department in regards to this incident.

3      27.        At this Starbucks restaurant location, there are more than one CCTV audio and video camera(s)

4  in the area of this incident involving Plaintiff Cecil Elmore Jr and Starbucks employees.  Starbucks Coffee

5  Company has CCTV audio and video footage of this incident of Plaintiff being denied public accommodation of

6  goods and services for being African American/Black by Starbucks employee DOE 1.  Starbucks Coffee Company

7  has audio and video footage of Starbucks employee DOE 1 with a sharp metal object in his hand calling Plaintiff a

8  bitch ass nigger while holding a sharp metal object and threatening physical violence by stating, I will stab you

9  you bitch as nigger, starring directly to Plaintiff.

10     28.        Plaintiff Cecil Elmore Jr made Police Department Police Report in regards to the incident of

11  Starbucks Coffee Company employee DOE 1, while holding a sharp metal object aggressively, brandishing and

12  threatening, stating racial slurs such as, I will stab you you bitch as nigger and denying Plaintiff public

13  accommodation of goods and services at this Starbucks restaurant.  Police Department responded by first

14  sending two Police Department Officers – Officer Last Name Grady (Badge # 41438); Officer Last Name Madjd

15  (Badge # 42075) on bicycles of the Police Department to the Starbucks restaurant.  Plaintiff demanded these

16  two Police Department Officers get possession of Starbucks video cameras as it will have evidence in recordings

17  of Plaintiff being a victim of a Hate Crime that came directly from Starbucks Coffee Company and Starbucks

18  employee DOE 1.  The Police Department Officers intentionally, negligently, maliciously, did not obtain audio

19  and/or video recordings from Starbucks of Plaintiff Cecil Elmore Jr as a victim of this misconduct and unlawful

20  acts committed from Starbucks employee DOE 1.  The Police Department Police Officers did not obtain audio

21  and video footage from Starbucks of this incident.  Police Department Officer Madjd stated directly to Plaintiff,

22  that Starbucks manager DOE 2 Daniel, stated that Starbucks employee DOE 1 is now terminated.  The Police

23  Officer Grady and Madjd refused to charge Starbucks employee DOE 1 with a criminal act committed against

24  Plaintiff.

25     29.        On October 28, 2023, Plaintiff Cecil Elmore Jr made a phone call (phone number +1 (800) 782-

26

27  7282) made a complaint to Starbucks Coffee Company in regards to Plaintiff Cecil Elmore Jr being denied public

28  accommodation of goods and services from this Starbucks restaurant because Plaintiff being African American

and the color of his skin, Plaintiff being threatened with sharp metal object by Starbucks Coffee Company employee DOE 1 and being called a nigger several times by Starbucks employee DOE 1.  During this phone call, the representative representing Starbucks Coffee Company, stated that the District Manager will give Plaintiff a phone call back.

30.     On October 29, 2023, Starbucks Coffee Company, employee District Manager Frank talked to Plaintiff and Gurkirn Hundal in regards to the incident that happened on October 28, 2023.  This Starbucks District Manager Frank stated to Plaintiff that Starbucks does have audio and video footage of this incident and it will be reviewed.  Starbucks employee District Manager Frank stated, . . . manager will pull this information tomorrow morning, video and audio and then I will follow up, our store manager Eric Daniel.  This is disappointing, our store hasn't had incidents like this before, so its something new we are navigating through it. We don't speak like that at Starbucks, when you're a partner to customer and customer to partner.  We believe in respect and kindness, and ultimately we are making drinks we are not doing hard work there is no reason for any type of threat or violence and dismissal of a partner.  Starbucks Coffee Company refers to their employee DOE 1 as partner.  Starbucks District Manager Frank stated, and we would do the same if a customer shows a threat of violence we ask those people not to return.  Frank stated to Plaintiff that he will go to HR (Human Recourses) to navigate through this and Frank's team manager and figure out the next steps on their end.

31.     On November 1, 2023, Starbucks Coffee Company employee District Manager Frank called and spoke to Gurkirn Hundal in regards to the incident that happened on October 28, 2023.  Starbucks District Manager Frank reviewed the video and audio footage of Starbucks restaurant store with another Starbucks employee.  Frank stated on this phone call, after reviewing the tape that he is looking at implementing strategies of how Starbucks Coffee Company, employees interact with paying customers, they are taking action and hope this incident does not occur again, and that Starbucks Coffee Company is dealing with the incident and he cannot speak much more about it.

32.     Starbucks Coffee Company negligently supervised the Starbucks manager DOE 2 and employee DOE 1.  Starbucks employee DOE 1 was harassing, racially discriminating against and denied goods and services to Plaintiff because he is African American/Black and the color of his skin.  This Starbucks Coffee Company

employee DOE 1 was unfit to perform proper restaurant employee duties for Plaintiff. Starbucks employee DOE 1 refused and denied to make Plaintiff Venti Frappuccino Blended Beverage. The Starbucks Coffee Company, employee DOE 1 intentionally, maliciously, and negligently did not perform the work duties for which he was hired for, while Plaintiff was a customer at this Starbucks restaurant store location. Starbucks knew or should have known that Starbucks employee DOE 1 was unfit and incompetent which created this risk of Plaintiff being harmed and injured by Starbucks Coffee Company and their employees involved. Starbucks employee DOE 1 and other employees unfitness and/or incompetence directly intentionally, maliciously, with hatred of racial discrimination caused Plaintiff harm. Starbucks negligence in hiring, supervising, or retaining the employee DOE 1 was a substantial factor in causing Plaintiff harm and damages.

33.    As a direct and proximate result of the aforesaid acts and omissions of the Starbucks Coffee Company, and Starbucks employee DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, Starbucks Coffee Company, and Starbucks employee DOE 1 and manager DOE 2 Daniel, acted with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in this Starbucks restaurant store which is a public accommodation for all persons in the United States of America regardless of customers race and color such as Plaintiff being African American/Black. Said Starbucks Coffee Company and Starbucks employee DOE 1 and manager DOE 2 Daniel, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individual to punish the wrongful conduct alleged herein and to deter such conduct in the future.

**SECOND CAUSE OF ACTION**

VIOLATION 42 U.S. CODE § 2000a – 2a

PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS

AND PRIVILEGES SECURED BY SECTION 2000a

(AGAINST STARBUCKS COFFEE COMPANY)

34.    Plaintiff incorporates by reference the allegations of paragraphs 7 through 8; paragraphs 9 through 17; paragraphs 19 through 32 above, as if each such allegation was set forth herein.

35.      Starbucks Coffee Company, employee DOE 1, intentionally, maliciously, and directly with force intimidated and threatened Plaintiff with the intent to interfere with the rights and privileges secured by Section 2000a. Starbucks Coffee Company employee DOE 1 denied Plaintiff public accommodation of goods and services secured by Section 2000a. Plaintiff demanded public accommodation services and goods such as Venti Frappuccino blended beverage from Starbucks employee DOE 1. Starbucks employee DOE 1 punished Plaintiff for exercising rights and privileges secured by Section 2000a as Starbucks DOE 1 stated racial discriminatory insults and calling Plaintiff a bitch ass nigger while threatening Plaintiff in an intimidating manner holding a sharp object to harm Plaintiff with the intent to interfere with rights and privileges secured by Section 2000a.

36.      Starbucks Coffee Company and Starbucks employee DOE 1 willfully, directly, intentionally, and maliciously denied Plaintiff rights and privileges secured by Section 2000a.

37.      As a direct and proximate result of the aforesaid acts and omissions of the Starbucks Coffee Company; Starbucks employee DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity, embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain damages in a sum to be determined at trial. In doing the foregoing wrongful acts, the Starbucks Coffee Company and Starbucks employee DOE 1, acted with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in this Starbucks restaurant store which is a public accommodation for all persons in the United States of America regardless of customers race and color such as Plaintiff. Starbucks Coffee Company, and Starbucks employee DOE 1, conduct was willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages against each individuals to punish the wrongful conduct alleged herein and to deter such conduct in the future.

1

**THIRD CAUSE OF ACTION**

2

VIOLATION 42 U.S. CODE § 2000a – 2b

3

PROHIBITION AGAINST DEPRIVATION OF INTERFERENCE WITH, AND PUNISHMENT FOR EXERCISING RIGHTS

4

AND PRIVILEGES SECURED BY SECTION 2000a

5

(AGAINST STARBUCKS COFFEE COMPANY)

6    38.        Plaintiff incorporates by reference the allegations of paragraphs 7 through 8; paragraphs 9

7    through 17; paragraphs 19 through 32; paragraphs 35 through 26 above, as if each such allegation was set forth

8    herein.

9    39.        Starbucks Coffee Company; Starbucks employee DOE 1 intimidated Plaintiff by brandishing a

10    sharp metal object directly, intentionally, maliciously in an aggressive manner to Plaintiff.  Starbucks Coffee

11    Company; Starbucks employee DOE 1 physically threatened Plaintiff and verbally stated threats of violence

12    against Plaintiff because of his African American race, with the purpose of interfering with Plaintiff rights and

13    privileges secured by Section 2000a.  Starbucks Coffee Company; Starbucks employee DOE 1 verbally stated

14    threats of physical harm with the purpose of interfering with rights and privileges secured by Section 2000a.

15    Starbucks Coffee Company; Starbucks employee DOE 1 threatened to stab Plaintiff with a sharp metal object

16    with the intent to interfere with Plaintiff rights and privileges secured by Section 2000a.

17    40.        As a direct and proximate result of the aforesaid acts and omissions of the Starbucks Coffee

18    Company; Starbucks employee DOE 1, Plaintiff Cecil Elmore Jr suffered and will continue to suffer severe mental

19    and physical pain, anguish, fright, nervousness, shock, emotional distress, humiliation, indignity,

20    embarrassment, which have caused Plaintiff Cecil Elmore Jr to sustain damages in a sum to be determined at

21    trial.  In doing the foregoing wrongful acts, the Starbucks Coffee Company and Starbucks employee DOE 1, acted

22    with conscious disregard of Plaintiff Cecil Elmore Jr rights as a customer in this Starbucks restaurant store which

23    is a public accommodation for all persons in the United States of America regardless of customers race and color

24    such as Plaintiff.  Starbucks Coffee Company, Starbucks employee DOE 1, conduct was willful, wanton, malicious,

25    and oppressive, thereby justifying an award of exemplary and punitive damages against each individual

26    Defendants to punish the wrongful conduct alleged herein and to deter such conduct in the future.

27

28

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF CECIL ELMORE JR pray for relief and judgement as follows:

**On Counts One through Three against Defendants**

(1)  For and Order enjoining Defendants from violating Federal Laws;

(2)  For a Declaration that Defendants have violated Federal Laws;

(3)  A Declaratory Judgement that the actions, conduct, and practices of Defendant complained herein violate Federal Laws;

(4)  An Award of Damages against Defendant, in an amount to be determined at trial, plus prejudgment interests, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, and other benefits of employment;

(5)  An Award of Damages against Defendant, in an amount to be determined at trial, plus prejudgment interests, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

(6)  An Award of Punitive Damages, in an amount to be determined at trial;

(7)  Prejudgment Interest on all amounts due;

(8)  An Award of Costs that Plaintiff has occurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff reasonable attorney's fees and costs to the fullest extent permitted by Law;

(9)  For such other and further relief as the Court deems just and proper.


**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.


**PRESERVATION NOTICE**

The term "you," "your," or "yours" as used herein shall refer to you (the recipient of this letter), as well as to the respondents and any individuals responsible for the custody and control of the below information, including, but not limited to, those individuals' administrative assistants, secretaries, agents, employees, information technology personnel and third-party vendors.  From this point forward, you are directed to prevent

1  "spoliation," defined as altering, changing, updating, destroying (even if periodically), editing, or deleting any

2  information set forth hereafter.  If you cause any such alteration, destruction, or change, direct it, or allow it to

3  occur, you may be charged with discovery rule violations for which sanctions may be imposed.  Further, your

4  failure to abide by this request could result in severe penalties against you and form the basis of legal claims for

5  spoliation.

6      ELECTONICALLY STORED INFORMAITON:

7      In terms of electronically stored information, you are directed to prevent any destructive, alternative or

8  other charge to any web pages, virtual profiles or identical (including, but not limited to, Facebook, Instagram,

9  Pinterest, X formally Twitter, Tumblr, LinkedIn, Snapchat, Good Plus+, Flickr, Vine, About.me, ask.fm etc., or any

10  other social media-based web profile or networking site account), emails, voice message, text messages, instant

11  messages or messaging system, portable memory device, laptops or computers, CDs, DVDs, USB devices,

12  databases, computer activity logs, internet browsing history (including cookies), network access and server

13  activity logs, word processing files and file fragments, backup and archival files, imaging and facsimile files,

14  electronic calendar and scheduling program files and file fragments as well as any other contact and relationship

15  management data (e.g., Outlook), electronic spreadsheet files and file fragments, pertaining in any way to this

16  controversy of the parties of any potential witnesses.  This includes a request that such information not be

17  modified, altered, or deleted due to data compressed or disk fragmentation (or other optimization procedures),

18  which processes you are herby directed to suspend until that date can be preserved, copied, and produced.

19      You are directed not to modify, alter, or delete or allow modifications, alterations, or deletions to be

20  made to any electronically stored information.  You are further directed to preserve all, and not to destroy any,

21  passwords, decryption productions (including, if necessary, the software to decrypt the files), network access

22  codes, manuals, tutorials, written instructions, decompression or reconstruction software, and any other

23  information and things necessary to access, view and (if necessary) reconstruct the electronic data we will

24  request through discovery.

25      PAPER INFORMATION:

26      Regarding the paper information, you are directed to preserve any emails, videos, texts, memos,

27  reports, documents, notes, correspondence, photographs, investigative information, or other documents about

28  the controversy, parties, or witnesses.  I expect to obtain several documents and other data from you through

discovery, including text messages, emails, photographs, and other information stored on computers, electronic devices, and telephones.

Although I may bring a motion with a court for order-preserving documents and other data from destructive or alteration, your obligation to preserve documents and other data for discovery, in this case, arises independently from any order on such motion.  Electronic documents and the storage media, including but not limited to telephones on which they reside, contain relevant discoverable information beyond what my be found in printed documents.  Therefore, even where a paper copy exists, I will likely seek all documents in their original, electronic form, along with metadata or information about those documents on the media.  I will seek paper printouts of only those documents that contain unique information created after they were printed (e.g., paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting, and redactions) and any paper documents for which no corresponding electronic files exist.

The laws and rules prohibiting the destruction of evidence apply to electronically stored information in the same manner they apply to other evidence.  Due to its format, electronic information is quickly deleted, modified, or corrupted.  Accordingly, the demand is made that you take every reasonable step to preserve this information until the final resolution of this matter.  This may include, but not limited to, an obligation to discontinue all data destruction and backup tape recycling policies.


Concerning electronic date created after this Complaint's delivery date, relevant evidence should not be destroyed.  You must take the steps necessary to avoid the destruction of such evidence.


Dated: November 5, 2024                                    BY: _____

New York, New York                                              Cecil Elmore Jr, Plaintiff

                                                                              Pro Se

**DEMAND FOR INSURACNE COVERAGE**

Defendants are demanded to provide a complete copy of their applicable insurance policies and declaration sheet demonstrating coverage within thirty (30) days of service of this Complaint.

Dated: November 5, 2024

New York, New York

BY: _____

Cecil Elmore Jr, Plaintiff

Pro Se